# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRO PEREIRA CABRAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | **Criminal Action No.** |
| v. ) | **20-10198-FDS-8** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER
## <u>ON PETITION FOR HABEAS CORPUS</u>

**SAYLOR, C.J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

Petitioner Sandro Pereira Cabral pleaded guilty on May 19, 2021, to conspiracy to distribute and

to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  He

was sentenced to a twelve-month term of incarceration followed by a three-year term of

supervised release.  He is now serving his term of supervised release.[1]

Petitioner has filed a motion to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255, asserting (1) constructive amendment or improper variance; (2) that the

government withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3)

ineffective assistance of counsel by his attorney, John A. Amabile.  For the reasons set forth

below, the motion will be denied.

---

[1] "[A]n individual serving a supervised release term satisfies the 'in custody' requirement . . . for § 2255 purposes."  *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015).

I.      **Background**

A.      **Factual Background**

Because the conviction resulted from a guilty plea, the following facts are taken from the

September 20, 2021 sentencing hearing and the Presentence Investigation Report ("PSR"),

unless otherwise noted.  *See United States v. Connell*, 960 F.2d 191, 192-93 (1st Cir. 1992);

*United States v. Garcia*, 954 F.2d 12, 14 (1st Cir. 1992).

In June 2017, a confidential source informed law enforcement that an individual known

to him as "A" was distributing large quantities of fentanyl, cocaine, and other controlled

substances in the greater Boston area.  (PSR ¶ 8).  An investigation revealed that "A" was

Adriano Cortez, who was on house arrest in Dorchester, Massachusetts.  (*Id.*).

Pursuant to the investigation into Cortez's drug-trafficking operation, two undercover

officers purchased controlled substances from him on multiple occasions between September and

November 2017.  (*Id.* ¶ 9).  One of the undercover officers would contact him and place orders

for fentanyl, cocaine, or both.  (*Id.*).  He would designate a meeting location, and at that location,

one of his co-conspirators would provide the undercover officer with the controlled substance, in

exchange for money to be delivered to Cortez.  (*Id.*).

On October 25, 2017, Cabral sold 4.95 grams of fentanyl to an undercover officer on

behalf of Cortez.  (*See id.* ¶ 31).

B.      **The Plea of Guilty**

Cabral was indicted on September 16, 2020, for conspiracy to distribute and to possess

with intent to distribute 40 grams or more of fentanyl and cocaine.  (Docket No. 59).  A

superseding indictment—which amended the conspiracy charge to include conspiracy to

distribute and to possess with intent to distribute 100 grams or more of heroin, and which added

charges against two co-defendants—was returned on October 7, 2020.  (Docket No. 75).[2]

On May 19, 2021, Cabral pleaded guilty to Count One of the superseding indictment. (PSR ¶ 2).  Count One charged conspiracy to distribute and to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846.  (*Id.*).  There was no plea agreement.  (*Id.* ¶ 3).

### C.    The Sentencing Hearing

The sentencing hearing was held on September 20, 2021.  Cabral received a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  (*Id.* ¶ 37).  His final total offense level was 12, yielding a guideline range of 15 to 21 months.  (Sen. Tr. at 4).

The government requested a 15-month sentence, which was at the low end of the guideline range.  (*Id.*).  Cabral's attorney requested a sentence of nine months.  (*Id.* at 7).

Cabral was sentenced to a twelve-month term of incarceration, followed by a three-year term of supervised release.  (*Id.* at 10-11).  The guideline range was 15 to 21 months, and therefore the sentence constituted a downward departure.  (*See* PSR ¶ 99).  The Court justified the departure, in part, due to the potential applicability of the First Step Act and to avoid unwarranted disparities with other co-defendants sentenced in the same case.  (Sen. Tr. at 10; Statement of Reasons at 3).

### D.    Procedural Background

On December 13, 2021, petitioner filed the present motion to vacate under 28 U.S.C. § 2255, asserting (1) constructive amendment or improper variance; (2) that the government withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) ineffective assistance of counsel, on the grounds that attorney Amabile failed to file a motion to dismiss,

---

[2] Cabral was not named in the two additional counts.

challenge the allegedly improper variance, obtain *Brady* material before petitioner pleaded guilty, file a Rule 35 motion attacking petitioner's sentence, and file a notice of appeal.

On April 5, 2023, the Court issued an order waiving the attorney-client privilege as to all communications with attorney Amabile concerning the issues raised in the § 2255 petition, and ordering him to submit an affidavit responding to the petition. (Docket No. 707). On April 12, 2023, attorney Amabile filed an affidavit responding to that order. (Docket No. 712).

## II.   Analysis

Because petitioner appears *pro se*, his pleadings must be construed more leniently than those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a petitioner's *pro se* status does not excuse him from complying with procedural and substantive requirements of the law. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

### A.   The Habeas Petition

Under 28 U.S.C. § 2255, a prisoner in custody "claiming the right to be released" may file a motion to vacate, set aside, or correct a sentence. The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief under § 2255. *Id.*; *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). In deciding whether a petitioner has met that burden, the court generally must accept his factual statements as true, "but . . . need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

1.    **Constructive Amendment or Improper Variance**

The petition asserts that "the charge the Petitioner plead[ed] to provided the government (as well as the District Court) with an opportunity to find [him] guilty for an offense other than the one he was initially indicted for in the Superseding indictment," and that "such a fatal / prejudicial variance rendered [his] conviction fatally defective since the indictment cannot be fairly read as charged, and violated his substantial / constitutional rights."  (Pet'r's Pet. ¶ 12).

"A constructive amendment occurs when the difference between the indictment and the proof at trial is so great that the defendant was essentially convicted of a charge for which he was not indicted; a variance occurs when the charge is unchanged, but the facts proved at trial are different from those alleged in the indictment." *United States v. Rosario-Pérez*, 957 F.3d 277, 289 (1st Cir. 2020).[3]  Although "the line between 'the crime charged' and 'the facts charged' is inherently fuzzy," *United States v. Mueffelman*, 470 F.3d 33, 38 (1st Cir. 2006), "[u]ltimately, it does not matter whether [the Court] construe[s] [petitioner's] argument as one of constructive amendment or variance – neither occurred here," *see Rosario-Pérez*, 957 F.3d at 289.

Petitioner pleaded guilty to conspiracy to distribute and to possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846.  That plea was consistent with the conduct charged in Count One of the superseding indictment—that is, conspiracy to distribute and to possess with the intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl and cocaine.

In addition, to the extent petitioner contends that there was a "31 month variance . . . between the date as charged, and the date in which the alleged conspiracy actually commenced,"

---

[3] "Unlike the per se prejudice of a constructive amendment, a variance is grounds for reversal only if the defendant has been prejudiced."  *United States v. Rodriguez-Rodriguez*, 663 F.3d 53, 58 (1st Cir. 2011).

that assertion appears to refer to the narrowing of the time frame of Count One's conspiracy at the trial of his co-conspirator, Cortez.  (*See* Pet'r's Pet. ¶ 16).  The Supreme Court, however, has "expressly rejected the proposition that 'a narrowing of the indictment constitutes an amendment that renders the indictment void.'"  *United States v. Mubayyid*, 658 F.3d 35, 50 (1st Cir. 2011) (quoting *United States v. Miller*, 471 U.S. 130, 144 (1985)).  Accordingly, petitioner will not be granted relief on that basis.

### 2.    *Brady* Claim

Petitioner next contends that "[t]he government withheld information regarding law enforcement officials['] involvement in criminal activity which would ha[ve] been impeachment material had [he] went to [trial], government withholding of this material information prejudiced the defendant and would have certainly changed the outcome of the Petitioner pleading guilty." (Pet'r's Pet. ¶ 25).[4]

That argument is without merit.  Even assuming a violation occurred, which is doubtful, a criminal defendant is not entitled to potential impeachment evidence prior to entering a plea of guilty.  *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."); *id.* at 629 ("[I]mpeachment information is special in relation to the *fairness of a trial,* not in respect to whether a plea is *voluntary* . . . ." (emphasis in original)). Accordingly, relief will not be granted on that ground.

### 3.    Ineffective Assistance of Counsel

Petitioner further contends that his counsel rendered ineffective assistance in violation of

---

[4] The petition cites Docket No. 490, a motion filed by counsel for Cortez, which objected to "the late disclosure" of "evidence that three individuals charged in the Boston Police Department Hyde Park Evidence Control Unit overtime cases had potentially handled evidence in Cortez's case."  (*See* Docket No. 490 at 2).

the Sixth Amendment because his counsel failed to file a motion to dismiss, challenge the allegedly improper variance, obtain *Brady* material before petitioner pleaded guilty, file a Rule 35 motion attacking his sentence, and file a notice of appeal.  (Pet'r's Pet. ¶ 28).  Each will be addressed in turn.

### a.   <u>Legal Standard</u>

A petitioner claiming a violation of the Sixth Amendment right to effective assistance of counsel must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To succeed on such a claim, a petitioner must establish both (1) that his counsel provided deficient assistance and (2) that he suffered prejudice as a result.  *Id.*

The first prong requires a petitioner to demonstrate that his counsel's performance fell below an objective standard of reasonableness.  *Id.* at 689.  A court making that evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*  A petitioner may overcome that presumption by demonstrating that counsel's alleged errors were so serious that his performance "fell below an objective standard of reasonableness under the circumstances." *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007).  The second prong requires petitioner to show that counsel's deficient performance resulted in "prejudice"—that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the petitioner makes an insufficient showing on one.  *Id.* at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*  In addition, "when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's [criminal proceedings], the

judge is at liberty to employ the knowledge gleaned during previous proceedings and make

findings based thereon without convening an additional hearing." *McGill*, 11 F.3d at 225.

### b.   <u>Motion to Dismiss the Indictment</u>

Petitioner contends that he received ineffective assistance of counsel because his attorney

failed to file a motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b)(2):

> It is clear that the indictment was defective due to there being that there was no
> 100 Grams or more of Heroin, nor was there any Cocaine Base involved in the
> alleged conspiracy.  It is quite strange that the government obtained probable
> cause to indict the defendants of objects of a conspiracy that never existed.
> Counsel['s] failure to challenge this indictment resulted in ineffective assistance
> of counsel.

(Pet'r's Pet. ¶ 29).

Dismissal of an indictment prior to trial "is reserved for 'extremely limited

circumstances.'" *United States v. O'Brien*, 994 F. Supp. 2d 167, 173 (D. Mass. 2014) (quoting

*United States v. George*, 839 F. Supp. 2d 430, 435 (D. Mass. 2012), *aff'd*, 761 F.3d 42 (1st Cir.

2014)).  "In general, an indictment is adequate if it specifies the elements of the offense charged,

fairly apprises the defendant of the charge against which he must defend, and allows him to

contest it without fear of double jeopardy." *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir.

2012).

Here, the superseding indictment clearly charged the essential elements of the offense

charged, fairly informed petitioner of the specific charge against which he would have to defend,

and was sufficiently specific to permit a later defense of double jeopardy.  Accordingly,

petitioner's counsel did not prejudice him by failing to file a motion to dismiss the indictment.

### c.   <u>Constructive Amendment or Improper Variance</u>

Petitioner next contends that he received ineffective assistance of counsel because

"[t]here is no reason why counsel could not have challenged the prejudicial / fatal variance or the

constructive amendment . . . ."  (Pet'r's Pet. ¶ 30).  As noted, there was no constructive amendment or variance, and his counsel therefore did not prejudice him by failing to object on that basis.

### d.     *Brady* Claim

Petitioner further contends that "[r]e-alleging paragraph 24 counsel failed to obtain Brady information and certain discovery in violation of the Fifth and Sixth Amendments, also counsel has failed to file a motion to dismiss regarding this issue."  (*Id.* ¶ 31).  As noted, the government need not disclose impeachment evidence before a criminal defendant enters a guilty plea, and counsel therefore did not prejudice petitioner by failing to obtain that information or file a motion to dismiss on that basis.

### e.     Motion to Correct or Reduce the Sentence

Petitioner next contends that "[c]ounsel failed to file a Rule 35 attacking the sentence." (*Id.* ¶ 28; *see also id.* ¶ 32 ("Counsel failed to file Fed. R. Crim. P. Rule 35 correcting the sentence due to the violation of the Petitioner's substantial and constitutional rights, and for failure to file a notice of appeal after sentencing.")).

Pursuant to Fed. R. Crim. P. 35, the court may correct a sentence that resulted from "clear error" or reduce a sentence for substantial assistance to the government.  That rule is plainly inapplicable here, and thus petitioner was not prejudiced by his counsel's failure to file a motion seeking a correction or reduction of his sentence.

### f.     Failure to File an Appeal

Finally, petitioner challenges his counsel's "fail[ure] to file a notice of appeal after sentencing."  (Pet'r's Pet. ¶ 28).

The Supreme Court has "long held that a lawyer who disregards specific instructions from [a] defendant to file a notice of appeal acts in a manner that is professionally

unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If a defendant does not instruct counsel to appeal, whether counsel performed unreasonably by failing to do so generally depends on whether he or she consulted with the defendant about appealing. *Id.* at 478. The term "consult" in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover [his or her] wishes." *Id.*

Counsel is not required to consult the defendant about an appeal in every case, however. Rather, he or she has a duty to consult the defendant about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Although no one factor is dispositive, "a highly relevant factor in th[e] inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.*[5] Even where a defendant pleads guilty, however, the court must consider factors such as "whether the defendant received the sentence bargained for as part of the plea" and "whether the plea expressly reserved or waived some or all appeal rights." *Id.* Counsel also may not need to consult the defendant about an appeal where "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." *Id.* at 479-80. And if counsel has consulted with the defendant, he or

---

[5] The court in *Flores-Ortega* provided the following example: counsel advises the defendant that a guilty plea would likely lead to a two-year sentence, the defendant expresses satisfaction with that outcome, and pleads guilty. *Id.* at 479-80. The court then sentences the defendant to two years as expected and informs the defendant of his appeal rights, and the defendant does not express interest in an appeal. *Id.* In such a situation, if counsel concludes there are no nonfrivolous grounds for appeal, it is likely that he or she could constitutionally choose not to consult the defendant about appealing. *Id.*

she acts in an objectively unreasonable manner only by disregarding a defendant's specific request with respect to an appeal. *Id.* at 478.

When counsel's unreasonable performance "deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484.  In such a situation, there is a presumption of prejudice because the deficient performance "led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Id.* at 483.

Here, petitioner asserts that attorney Amabile was ineffective because he did not file an appeal after sentencing.  Petitioner does not allege, however, that he requested that attorney Amabile file an appeal, or even that he expressed any interest in an appeal.  (*See* Pet'r's Pet. ¶¶ 28, 31).  For his part, attorney Amabile submitted an affidavit attesting that "[n]o appeal was filed, with [petitioner]'s consent, since no issue existed to raise on appeal."  (Docket No. 712).

In addition, petitioner pleaded guilty and received a below-guideline sentence, and at his sentencing, the Court instructed him about his right to appeal.  Finally, although there was no plea agreement, and thus no waiver of his appeal rights, petitioner has pointed to no issue that he could have raised on appeal that might reasonably have led to vacating the guilty plea or reducing the sentence.

In summary, petitioner has not met his burden of demonstrating that he received ineffective assistance of counsel because his counsel failed to file an appeal, or on any other grounds.  Accordingly, the Court will deny petitioner's motion as to the claim of ineffective assistance of counsel.

## III.   Conclusion

Accordingly, for the reasons set forth above, petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2255 is DENIED.

11

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 7, 2023                          Chief Judge, United States District Court